IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court
By staylor at 11:47 am, Aug 28, 2017

WILLY SAWVELL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-115

(Case No. 2:15-cr-25)

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Willy Sawvell ("Sawvell"), who is currently incarcerated at the Federal Correctional Institution in Talladega, Alabama, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Sawvell's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Sawvell a Certificate of Appealability and *in forma pauperis* status on appeal.

**BACKGROUND**

On December 17, 2015, Sawvell pled guilty to possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), and possession of a contraband substance in prison, in violation of 18 U.S.C. § 1791(a)(2). Plea, United States v. Sawvell, 2:15-cr-25 (S.D. Ga. Dec. 17, 2015), ECF No. 40. The Honorable Lisa Godbey Wood sentenced Sawvell to 151 months' imprisonment. J., United States v. Sawvell, 2:15-cr-25 (S.D. Ga. May 9, 2016), ECF No. 48. Sawvell's sentence was based in part on his status as a career offender under the advisory Sentencing Guidelines. (Pre-Sentence Investigation report ("PSI"), ¶¶ 27, 57); Sent. Hr'g Tr., United States v. Sawvell, 2:15-cr-25 (S.D. Ga. Sept. 22, 2016), ECF No. 52. Sawvell

did not file an appeal.[1]  On August 5, 2016, Sawvell filed this Section 2255 Motion, asserting that he should be resentenced in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).

## DISCUSSION

Sawvell contends his sentence was improperly enhanced pursuant to the residual clause of the United States Sentencing Guidelines (the "Guidelines"), because he no longer qualifies as a career offender.  Sawvell argues that his prior felony convictions no longer qualify as crimes of violence because Johnson found similar language in the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague.  (Doc. 1, pp. 4, 13.)

The Government argues that the Supreme Court's decision in Johnson is inapplicable to the Guidelines and, in particular, the career-offender provision of the Guidelines.  (Doc. 3, p. 3.)  Furthermore, the Government asserts that the Johnson decision has no effect on Sawvell's status as a career offender under the Guidelines because he qualified under the "controlled substance offense" provision and the "elements" clause of the "crime of violence" definition.  (Id. at p. 4.)

**I.      Whether Johnson Applies to Sawvell's Motion**

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]"  ___ U.S. at

---

[1] Sawvell waived his right to appeal in his Plea Agreement.  Plea, United States v. Sawvell, 2:15-cr-25 (S.D. Ga. Dec. 17, 2015), ECF No. 40.  Although Sawvell mentions that his attorney did not advise him of his right to a direct appeal, the record indicates otherwise. (Doc. 1, p. 9.)  In the Plea Agreement, Sawvell specifically agreed to "explicitly and irrevocably instruct[] his attorney not to file an appeal." Plea, United States v. Sawvell, 2:15-cr-25 (S.D. Ga. Dec. 17, 2015), ECF No. 40.  Furthermore, Sawvell acknowledged that he "had the benefit of legal counsel in negotiating this agreement," and that he "read and carefully reviewed this agreement with [his] attorney."  Id.  Finally, in the Post-Conviction Consultation Certification, Sawvell certified that his attorney had fully explained the appellate process, that he would not file an appeal, and that his attorney had explained the consequences of failing to do so.  Post-Conv. Consult. Cert., United States v. Sawvell, 2:15-cr-25 (S.D. Ga. May 2, 2016), ECF No. 47.

___, 135 S. Ct. 2551, 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The "residual clause" of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at § 924(e)(2)(B). In Johnson, the Supreme Court found this residual clause so vague as to violate due process. See ___ U.S. at ___, 135 S. Ct. at 2557.

Sawvell asserts that Johnson applies to his Motion because the residual clause contained within the Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in Johnson.[2] (Doc. 1, pp. 4, 13, 15.) However, the Supreme Court explicitly held in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (March 6, 2017), that the holding in Johnson does not apply to the residual clause of the Guidelines.

More importantly, Sawvell did not receive a career offender enhancement under the Guidelines' residual clause. Sawvell's career offender status was based on his prior convictions for aggravated assault, felony battery, and sale or delivery of morphine. (PSI, ¶¶ 27, 39, 41, 53.) Both the aggravated assault and felony battery fell under the "elements clause" of the "crime of violence" definition and not the residual clause. (Id. at ¶ 27.) Under the elements clause, a crime of violence "has an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1) (2015). Thus, even if Johnson were to apply to the "crime of violence" definition under the Sentencing Guidelines—which the Supreme Court explicitly held that it did not in Beckles—the holding would still be inapplicable to Sawvell's

---

[2] Under the Guidelines' career offender enhancement provision, "crime of violence" is defined, in relevant part, as "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2015). This "residual clause" of the Guidelines is identical to the residual clause of the ACCA.

Motion. See Johnson, ___ U.S. at ___, 135 S. Ct. at 2563 ("[Johnson] decision does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony.").

Consequently, Sawvell is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Section 2255 Motion.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Sawvell leave to appeal *in forma pauperis*. Though Sawvell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Sawvell's Motion and the Government's Response, and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal. Therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Sawvell a Certificate of Appealability, Sawvell is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** in forma pauperis status on appeal.

# CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Sawvell's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Sawvell a Certificate of Appealability and **DENY** Sawvell *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Sawvell and the Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA