# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 215-025 |
| WILLY SAWVELL, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Willy Sawvell's motion to commute his sentence to home confinement. Dkt. No. 60. For the reasons below, Sawvell's motion is **DENIED**.

### BACKGROUND

On December 17, 2015, under a written plea agreement, Sawvell pleaded guilty to possession with intent to distribute oxycodone (Count One) and possession of contraband (oxycodone) in prison (Count Two). Dkt. Nos. 39, 40. At sentencing, Sawvell, as a career offender, faced a total offense level of 29, a criminal history category of VI, and an advisory guideline range of 151 to 188 months' imprisonment. On May 2, 2016, Sawvell was sentenced to 100 months as to Count One and fifty-one months as to Count Two, for a total term of 151 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 48. Sawvell did not directly appeal. His motion to vacate pursuant to 28 U.S.C. §§ 2255 was denied.

Dkt. No. 58. According to the BOP website, Sawvell is currently incarcerated at USP Coleman I in Sumterville, Florida, with a projected release date of March 6, 2026.

Sawvell now moves to commute his sentence and asks this Court to place him in home confinement. Though Sawvell does not cite any legal authority, the Court construes his motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Sawvell's motion is primarily based on the COVID-19 pandemic and his assertion of particular vulnerability due to his underlying health conditions. As the Government notes, Sawvell has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Sawvell has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Sawvell's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion."

(quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Sawvell's motion, dkt. no. 60, is **DISMISSED**.

**SO ORDERED,** this 28th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA